UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHANIE OSORIO | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION | * | |
| OF MINNESOTA, and | * | |
| ACE AMERICAN INSURANCE CO. | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendants, Target Corporation of Minnesota, and ACE American Insurance Company, who hereby request this Honorable Court to remove that certain matter styled, "Stephanie Osorio versus Target Corporation of Minnesota, and ACE American Insurance Company," suit number 702-483, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Eastern District of Louisiana, on the following grounds, to-wit:

1.

On or about June 8, 2011, Stephanie Osorio, (hereinafter sometimes referred to as "plaintiff"), filed a petition for damages against named defendants Target Corporation of Minnesota, (hereinafter sometimes referred to as "Target") and ACE American Insurance Company, (hereinafter sometimes referred to as "ACE"). Plaintiff alleged that she received

personal injuries as a result of a slip and fall in a substance that appeared to be water at the Target Store located at 1731 Manhattan Blvd., in Harvey, Louisiana 70058.

2.

At the time of filing of the state court proceedings, plaintiff requested service on both Target and ACE. Target was served with the petition for damages of plaintiff through its agent for service of process on June 21, 2011, while ACE was served through the Secretary of State on June 21, 2011.

3.

Plaintiff alleged that she was a resident and domiciliary of the Parish of Jefferson, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

4.

Defendant Target Corporation of Minnesota is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Defendant ACE American Insurance Company is a foreign insurance company organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

5.

Plaintiff, Target and ACE are citizens of different states.

6.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiff is seeking in the state court proceeding, i.e., the amount in

controversy. However, the petition alleged that the incident has caused "severe personal injuries to plaintiff." Plaintiff's claimed damages include: Mental pain and anguish, past, present, and future; Physical pain and suffering past, present, and future; Loss of life's enjoyment past, present, and future; Medical expenses past, present, and future; Loss of earnings past, present, and future; Court costs past, present, and future; Attorney fees past, present, and future; and Other damages to be shown as discovery proceeds. Defendants are informed and believe that the amount plaintiff will seek in the state court proceeding will be in excess of $75,000 exclusive of interest and costs.

7.

The petition for damages does not allege whether the damages are such that plaintiff is entitled to a trial by jury. Under La. Code Civ. Proc. 1731(1) trials by jury are not available where an individual's cause of action does not exceed fifty thousand dollars exclusive of interest and costs. By plaintiff's failure to allege that the damages do not exceed the required amount for jury actions under Louisiana law, plaintiff has acknowledged that at the very least the amount in controversy exceeds fifty thousand dollars exclusive of interest and costs.

8.

Even though the petition for damages does not expressly state that the amount in controversy exceeds $75,000, a defendant when removing a case can use both the initial filings of plaintiff as well as additional evidence that the defendant develops independently to establish removal eligibility. *Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 759 (11th Cir. 2010)*.

9.

The medical records and bills of plaintiff forwarded to defendants by counsel for plaintiff clearly indicates that the amount in controversy exceeds $75,000 exclusive of interest and costs. More particularly, the medical records submitted by plaintiff provide that at the time of the Target incident plaintiff was recovering from a left knee meniscus repair surgery performed on August 18, 2010. Following the Target incident of October 11, 2010, plaintiff underwent a second knee surgery on October 21, 2010. Plaintiff then underwent six weeks of physical therapy at West Jefferson Rehab Connection. Following same, plaintiff underwent an additional three months of therapy with the Advance Medical Center of Gretna, LLC and on June 8, 2011 had an MRI performed of the left knee. The Medical bills provided by plaintiff indicate charges of $16,434.09 for the October 21, 2010 surgery, and therapy bills of $611.00 and $2,227.00, respectively. Accordingly, total medical bills submitted exceed $20,000 and are not complete. Likewise, the amounts sought for general damages, future medical expenses, and loss earnings, past, present and future are unknown. In light plaintiff's claims for damages based upon knee surgery, therapy, medical bills and lost wages, Defendants submit that the $75,000 jurisdictional amount in controversy is satisfied in this case.

10.

Further, the state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Defendants are informed and believe that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs.

11.

The claims that plaintiff, Stephanie Osorio, now assert in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. The claims which plaintiff, Stephanie Osorio, has asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Eastern District of Louisiana. See, 28 U.S.C. 1332, 28 U.S.C. 1441 & 1446-1451; and 28 U.S.C. 98(c).

12.

Target Corporation of Minnesota and ACE American Insurance Company wish to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Eastern District of Louisiana.

13.

Less than thirty days have elapsed since the date upon service of the citation and petition were made upon defendants. Consequently, the removal of the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Eastern District of Louisiana are timely. See 28 U.S.C. 1446.

14.

Target Corporation of Minnesota and ACE American Insurance Company respectfully request that this Notice of Removal be filed into the record of the United States District Court for the Eastern District of Louisiana, effecting a removal of that certain matter styled, "Stephanie Osorio versus Target Corporation of Minnesota, and ACE American Insurance Company," suit

number 702-483, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:
**LAWRENCE & ASSOCIATES**

By: __/s/David P. Curlin__
David P. Curlin (LSBA # 20771)
John S. Lawrence, Jr. (LSBA # 19678)
225 St. Ann Drive
Mandeville, LA 70471
Telephone: (985) 674-4446

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: *James E. Shields, Sr.; attorney for plaintiff.*

__/s/David P. Curlin__
David P. Curlin