UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


OSORIO                                          CIVIL ACTION

VERSUS                                          NO: 11-1761

TARGET CORPORATION OF                           SECTION: "J" (5)
MINNESOTA, ET AL.

**ORDER AND REASONS**

Before the Court are Defendant Target Corporation of Minnesota ("Target")'s **Motion for Summary Judgment (Rec. Doc. 22)**, Plaintiff Stephanie Osorio ("Mrs. Osorio")'s opposition to same **(Rec. Docs. 27, 28)**, and Defendant's reply thereto **(Rec. Doc. 32)**. Defendant's motion, set for hearing on August 15, 2012, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED**, for the reasons set out more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of a slip and fall that allegedly occurred on October 11, 2010, at a Target store in Harvey,

Louisiana. Mrs. Osorio was reportedly shopping with her husband and two-year-old son when she slipped in a puddle of a clear liquid substance, believed to be water, while walking down an aisle toward the checkout area. Upon her fall, Mrs. Osorio's husband allegedly went to find help, returning to the scene with Ms. Rodrigue, a Target employee who is reported to have been standing approximately twenty feet away at the time of the fall. Upon arriving at the scene, Ms. Rodrigue is reported to have radioed the Target manager on duty for assistance. Following the incident, Mrs. Osorio filed the instant suit in state court on June 8, 2011, naming as Defendants Target and ACE American Insurance Company, and seeking damages for injuries caused as a result of the fall. The Defendants removed the case to this Court on July 20, 2011. Target filed the instant motion seeking summary judgment on July 17, 2012.

## PARTIES' ARGUMENTS

Defendant argues that it is entitled to judgment as a matter of law because Mrs. Osorio has failed to meet the notice requirement under Louisiana law. Specifically, Defendant argues that under Louisiana Revised Statute 9:2800.6, the Plaintiff has the burden of proving that Target had actual or constructive notice of the condition which led to her fall, i.e. the liquid on

the floor, prior to her fall. Defendant notes that in proving constructive notice, the Plaintiff must demonstrate not only that the liquid was on the floor, but also that it was on the floor for "such a period of time" so as to alert Target that it posed a hazard. Defendant argues that the Plaintiff cannot meet this burden, because both she and her husband testified in their depositions that they did not know where the liquid came from or for how long it had been there. In addition, they also testified that neither of them saw the liquid before Plaintiff slipped, and that it was only after her fall that they noticed the liquid. Furthermore, Defendant argues that Plaintiff's testimony that she saw employees in the area, and that Ms. Rodrigue was close enough to see the liquid are too vague to raise a genuine issue of material fact as to the question of constructive notice. In particular, Defendant points to the testimony of Ms. Rodrigue in which she states that she could not see the Plaintiff or the floor where the Plaintiff fell from her vantage point.

Plaintiff responds by arguing that the information presented in the deposition testimony is sufficient to raise a genuine issue of material fact. Plaintiff asserts that Ms. Rodrigue was in the area of the accident at the time of her fall. Furthermore, Plaintiff contends that per Ms. Rodrigue's deposition testimony,

approximately three check-out cashiers and a standby cashier were also in the area at the time of her fall.[1] Plaintiff argues that Ms. Rodrigue's testimony that the cashiers' jobs were to "straighten up and pick up abandons and things of that nature" in their "zones" indicates that the cashiers on duty could have seen, or should have seen, the water on the floor since they were located approximately twenty feet away from the site of the fall, and it was their job to clean up the area. Plaintiff argues that this indicates that they had constructive notice. In addition to Ms. Rodrigue's testimony, Plaintiff also offers a picture of where the accident occurred as proof that the employees' views of the area where Plaintiff fell were unobstructed.

## DISCUSSION

### A. Legal Standard

---

[1] The Court notes that Plaintiff's argument on this point is slightly unclear. On page two of Plaintiff's brief, she argues that there were "three cashiers and a standby cashier on duty in the area." (Rec. Doc. 27, p. 2) However, on page three she asserts that constructive notice is met because there was one standby cashier, "another cashier as only two checkouts were open," Ms. Rodrigue, and "two working cashiers" for a total of five employees within twenty feet of the site of the fall. (Rec. Doc. 27, p. 3) The Court will assume that under either description the implication is that five employees were on duty, although it is unclear per Plaintiff's description who was working and who was not working. Furthermore, the Court notes that Ms. Rodrigue states in her deposition that she was not sure how many cashiers were on duty that particular date. Deposition of Anitra Rodrigue, Rec. Doc. 28-3, p. 18, ¶¶ 8 - 12.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions.  Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th

Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**B. Applicable Law**

Louisiana's Merchant Liability Statute provides that when an individual brings a claim for negligence against a merchant as a result of "a fall due to a condition existing in or on a merchant's premises," the individual bringing the action bears the burden of proof. La. Rev. Stat. § 9:2800.6. In addition to

the general elements of negligence, the statute specifically provides that the plaintiff must prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Id. § 9:2800.6 (B)(2). The statute defines constructive notice as meaning that "the condition existed *for such a period of time* that it would have been discovered if the merchant had exercised reasonable care." Id. § 9:2800.6 (C)(1) (emphasis added). The Louisiana Supreme Court has stated that the definition of constructive notice indicates that the plaintiff "must make a positive showing of the existence of the condition prior to the fall." White v. Wal-Mart Stores, Inc., No. 97-0393 (La. 9/9/97), 699 So.2d 1081, 1084 (La. 1997). Furthermore, the court has stated that even where a plaintiff can demonstrate that the condition in question existed, such a showing is not sufficient to meet the plaintiff's burden of proof where the plaintiff has not also made "an additional showing that the condition existed for some time before the fall." Id. Constructive notice cannot be inferred absent such a showing. Id. The questions of the reasonableness of the merchant's response and the sufficiency of the time period shown to put the store on notice are questions of fact. Id.

The Court finds that the Plaintiff's claim fails as a matter of law. In making this determination, the Court finds the Defendant's argument that the Plaintiff has not made a sufficient showing that the liquid was on the floor for "such a period of time" persuasive. In supporting its argument, the Defendant relies on <u>White v. Wal-Mart Stores, Inc.</u> In <u>White</u>, a customer sued a store owner seeking to recover damages for injuries caused as a result of a slip and fall. 699 So.2d at 1082. The Court held that the plaintiff failed to meet her burden of proof on the element of constructive notice because she did not present positive evidence showing that the condition which led to the fall, i.e. liquid on the floor, had existed for some time. <u>Id.</u> In particular, the court found it important that both the plaintiff and her grandson had testified that they had not noticed the liquid before the plaintiff slipped in it. <u>Id.</u> Moreover, the court noted that the plaintiff could produce no positive evidence that a store employee who was located approximately fifteen feet away, and who had seen the plaintiff fall, could actually see the floor itself and/or the liquid on the floor before the fall.[2] As such, the court found that plaintiff could not establish the time

---

[2] <u>Id.</u> at 1083. Although the plaintiff in <u>White</u> did not directly contradict the employee, she did testify that the employee's view of the area where she fell was unobstructed. <u>Id.</u>

period required for constructive notice and, therefore, her claim failed. Id. at 1085-86.

The Court finds that White is comparable to the instant action. Here, like the plaintiff and her grandson in White, both the Plaintiff and her husband have testified that they did not notice the spill prior to the Plaintiff's fall. Likewise, just as in White, the Plaintiff in this case has introduced no affirmative evidence that anyone noticed the spill before her fall. In addition, similar to the employee in White, Ms. Rodrigue has testified that she could not see the area where the Plaintiff fell, and thus could not see any liquid on the floor. While the Plaintiff argues that the photo she submitted as evidence contradicts Ms. Rodrigue's statement and creates a question of fact, the Court notes that the photo only depicts where the Plaintiff fell, and the direction of the area where Ms. Rodrigue was located. The picture does not demonstrate to the Court that Ms. Rodrigue could see the area, or even what Ms. Rodrigue could see in the store, thus it neither contradicts nor supports her testimony. Because the burden is on the Plaintiff to present evidence of specific facts to show that a genuine issue exists, the Court finds that this is not sufficient to overcome summary judgment.

In addition to the similarities between White and the
instant action, the Court also finds the Defendant's argument
that this case is comparable to Walthall v. E-Z Server
Convenience Stores, Inc., 988 F. Supp. 996 (E.D. La. 1997), aff'd
146 F.3d 868, 868 (5th Cir. 1998), persuasive. In Walthall, the
court considered a motion for summary judgment based on the
plaintiff's alleged failure to show constructive notice of water
on the ground in a slip and fall case. 988 F. Supp at 997. In
that case, the plaintiff testified that she did not recall seeing
the water on the floor prior to her fall, although she did notice
it after her fall. Id. at 999-1000. The plaintiff also did not
proffer any witnesses who could affirmatively testify to seeing
water on the floor prior to the plaintiff's fall. Id. at 1000.
Based on this evidence, the court found that the plaintiff had
failed to establish the temporal element of constructive notice.
Id. Because she could not prove that the water was on the floor
for any length of time prior to her fall, the court granted
defendant's motion for summary judgment. Id. Likewise, in the
instant action, Plaintiff has testified that she did not recall
seeing water on the floor prior to her fall. Additionally,
Plaintiff has not proffered any witnesses who can testify to
seeing liquid on the floor prior to Plaintiff's fall. As such,

this Court finds that the instant case is similar to <u>Walthall</u>, and that the Plaintiff has failed to establish the temporal element of constructive notice required under Louisiana law.

Accordingly, **IT IS ORDERED** that Defendant's motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Target Corporation of Minnesota are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 14th day of August, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE